**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION**

**CAROLYN TORREY, for herself and for
J.T., her minor child**

    **Plaintiff,**

v.                                                                           **Case No: 5:12-CV-662-Oc-10PRL**

**MARION COUNTY SCHOOL BOARD,
JAMES A. YANCEY, WILLIAM
HALDIN, BEVERLY MORRIS, JOHN
MCCOLLUM, GEORGE DON
RAYMOND, DIANA GREENE and RON
CRAWFORD**

    **Defendants.**

## ORDER

On January 9, 2013, Plaintiff filed a letter (Doc. 22), which the Court construes as a Motion, wherein Plaintiff asks the Court to address her various concerns regarding electronically viewing and receiving documents.

Middle District of Florida Rule 3.01(g) requires that "[b]efore filing any motion in a civil case [with a few limited exceptions] . . . the moving party <u>shall confer</u> with counsel for the opposing party . . . ," and that the motion should reflect that such a conference has occurred and the outcome of the conference. The Court routinely denies motions that fail to comply with this rule. A review of Plaintiff's Motion reflects that she has failed to comply with this rule prior to filing her Motion; however, the Court will consider the Motion on this occasion.

In Plaintiff's Motion, she submits that she has not been receiving copies of documents filed with the Court, and requests that the Court e-mail her the Court's Orders. A review of the docket reflects that Plaintiff's address was entered in the Court's system with a typographical

error. Specifically, Plaintiff's address was originally entered as 1202 SE 14th Street; however, Plaintiff's <u>correct</u> address is 1202 SE 14th **Avenue**.[1] The Clerk has now corrected this error and the Court does not anticipate any future problems with Plaintiff's receipt of the Court's Orders. Thus, Plaintiff's request is denied.

Plaintiff also requests that the Court require Defendants to serve Plaintiff by e-mail. Although Rule 5(b)(E), Fed. R. Civ. P., <u>permits</u> service upon a party by e-mail, a party is not required to serve another party by e-mail. Notably, however, this is something that Plaintiff may personally request of Defendants, and a request that could have been discussed prior to filing the Motion had Plaintiff complied with L.R. 3.01(g). At this time, Plaintiff's request that the Court require Defendants to e-mail her its filings is denied without prejudice.

Finally, Plaintiff appears to seek home-access to PACER for the purpose of viewing and printing documents at her home. This Court is not responsible for a party's personal and private access to PACER. Thus, Plaintiff's request for the Court to direct PACER is denied. Instead, Plaintiff should communicate with PACER directly about setting up the at-home PACER access she desires. Of course, Plaintiff may continue to visit the Court's Public Viewing Room between the hours of 8:30 a.m. and 4:00 p.m. on Mondays through Fridays. In addition, Plaintiff may print the documents from the Public Viewing Room at $.10 for each page she prints. In accordance with the Middle District of Florida Policy, effective January 2, 2013, the Court no longer accepts personal checks; thus, Plaintiff may pay for the copies in cash (using exact change) or any other method permitted by the Policy.[2] Although, Plaintiff also requests that the

---

[1] **<u>Defendants are directed</u>** to update their records regarding the proper address for Plaintiff.
[2] "Effective January 2, 2013, the District Clerk of Court's Offices for the Middle District of Florida will no longer accept personal checks for any type of payment. Law firms may continue to remit payment using their business checks. The [] Clerk's Office accepts cash [exact change], money orders, certified bank checks, and cashier's checks . . . ."

Court open a pre-paid account for Plaintiff that she may use to bill against for copies, such a system is not in place; thus, this request is also denied.

Accordingly, Plaintiff's Motion (Doc. 22) is **DENIED** as discussed herein.

**IT IS SO ORDERED**.

**DONE** and **ORDERED** in Ocala, Florida on January 15, 2013.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

    Unrepresented Parties
    Counsel of Record