IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

| | |
|---|---|
| CT, for herself and for JT, her minor child<br>   Plaintiffs | ) Case No. 5:12-cv.662-OC-10-PRL<br>)<br>) |
| Vs. | )<br>) |
| Marion County School Board, James Yancey<br>William Haldin, Beverly Morris, John McCollum<br>George D. Raymond, Diana Greene, Ron Crawford<br>   Defendants | )<br>)<br>)<br>) |

NOTICE OF FILING REVISED CASE MANAGEMENT FORMS

Both parties have agreed upon the attached Case Management Report. This Case Manage Report replaces the report filed on February 19th, 2013.

Verified to the best of my knowledge and belief

_Carolyn Toney_
CT
Pro Se
1202 SE 14th Avenue
Ocala, FL 34471
(352) 840-5464

CERTIFICATE OF SERVICE

      The undersigned certifies that the above document, has been filed in the above court on February 22, 2013 a copy thereof served by electronic mail to Usher Brown, Amy Pitsch, BROWN, GARGANESE,WEISS & D'AGRESTA, P.A. 1111 N. Orange Avenue, Suite 2000, P.O. Box 2873, Orlando, FL 32802-2873 Phone (407) 425-9566 FAX (407)425-9596 at usher.brown@yahoo.com ; apitsch@orlandolaw.net;

_Carolyn Toney_
CT
Pro Se
1202 SE 14th Avenue,
Ocala FL 34471
(352) 840-5464

IN THE UNTED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

CAROLYN TORREY, for herself and Case No. 5:12-cv-662-OC-10-PRL
For J.T., her minor child,

      **Plaintiffs.**

Vs.

MARION CO. SCHOOL BOARD, JAMES
YANCEY, WILLIAM HALDIN, BEVERLY MORRIS,
JOHN MCCOLLUM, GEORGE DON RAYMOND,
DIANA GREENE, and RON CRAWFORD,

      **Defendants.**

_____/

## CASE MANAGEMENT REPORT

    1. **Meeting of Parties**: Pursuant to Local Rule 3.05(c)(2)(B) or (c)(3)(A), a meeting was held on February 4, 2013, at 11:15 a.m., at 5000 E. Maricamp Rd., Ocala, FL 34480, and was attended by:

| Name | Counsel for (if applicable) |
|---|---|
| Carolyn Torrey | *pro se* Plaintiff |
| Amy Pitsch, Esq., attorney for all Defendants: | Marion Co. School Board, James Yancey, William Haldin, Beverly Morris, John McCollum, George Don Raymond, Diana Greene and Ron Crawford |

    2. **Pre Discovery Initial Disclosures of Core Information**:

        a. Fed.R.Civ.P. 26(a)(1) Initial Disclosures (Fed.R.Civ.P. 26(a)(1) provides that these disclosures are mandatory). The parties will exchange Rule 26 disclosures on **March 4, 2013**.

    Below is a detailed description of information disclosed, scheduled for disclosure or, if applicable, the basis for the objection to the initial disclosures:

**The parties will disclose all information required under Rule 26(a)(1)(A).**

    3. **Discovery Plan – Plaintiff**: The parties jointly propose the Plaintiff's discovery plan:

a. **Plaintiff's Planned Discovery**: A description of every discovery effort Plaintiff plans to pursue is described below. The description of each discovery effort will be listed under the appropriate heading below and will include the subject matter of the discovery and the time during which the discovery will be pursued:

(1) **Requests for Admission**:

Number of Requests for Admission: Parties may seek to limit the number of Plaintiff's requests for admission in accordance with Fed.R.Civ.P. 26(b)(2). Any such request must be presented by motion. See paragraph 6 below.

- **Plaintiffs will issue RFA's to each defendant by May 1, 2013 on the issues of discrimination, retaliation, and First Amendment. Plaintiffs also expect to issue 100 or more RFA on the issues of authenticity of documents and admissibility if Defendants do not stipulate. This will be done by August 2, 2013. Because there are multiple defendants, RFA's to each will be required.**

- **Defendants object to Plaintiffs' stated intention to serve hundreds of requests for admissions on Defendants. The parties' representatives did not discuss this issue at the Case Management Conference (the *pro se* parent did not propose this language until a week after the conference took place) and Defendants cannot comfortably stipulate to being served this many requests for admission. Defendants reserve the right to file objections via motion to requests deemed excessive, harassing, or outside the scope as defined in Fed.R.Civ.P. 36.**

(2) **Written Interrogatories**:

Number of Interrogatories: Local Rule 3.03(a) provides "[u]nless otherwise permitted by the Court for cause shown, no party shall serve upon any other party, at one time or cumulatively, more than twenty-five (25) written interrogatories pursuant to Rule 33, Fed.R.Civ.P., including all parts and subparts." Any request by Plaintiff to exceed this limit must be presented by motion. See paragraph 6 below.

- **Plaintiffs will issue written interrogatories to each defendant. Depending on what plaintiffs receive in initial disclosures, they may need to have more than 25 with subparts, to acquire all the contact information.**

2

- Defendants will not agree to Plaintiffs exceeding the allowed number of interrogatories, including sub-parts, as defined in Fed.R.Civ.P. 33 and Local Rule 3.03.

(3)  **Requests for Production or Inspection**:

- Plaintiffs do not know what Request for Production will be required. They hope that Defendants will disclose all documents in their initial disclosures. But depending on what Defendants disclose then, additional requests for production may be required. Plaintiffs will disclose all documents they presently have in initial disclosures.

- The parties made no additional agreement to limit or otherwise alter their rights to conduct discovery to the fullest extent provided by the Federal Rules of Civil Procedure and Local Rules.

(4)  **Oral Depositions**:

Number of Depositions: Local Rule 3.02(b) provides, "[i]n accordance with Fed.R.Civ.P. 30(a)(2)(A), no more than ten depositions per side may be taken in any case unless otherwise ordered by the Court." Any request by Plaintiff to exceed this limit must be presented by motion. See paragraph 6 below.

- Plaintiffs will need to depose all Marion County School Board Members since 2008 (Bobby James, Judi Zanetti, Steve Herring, Ron Crawford, Sue Mosley, Angie Boynton, Jackie Porter, Nancy Stacy, and Carol Ely). They will also need to depose each of the seven individual defendants. Plaintiffs expect to depose the individual defendants' assistants/secretaries, all those who attended meetings about students needs for a 504 plan from January 1, 2009 to present, the police officers who responded to calls from defendants or because of their actions about Mother, and the police chief in that department. Student's principal, several other MCSB employees, and others that will be identified in a motion.

- Defendants have asked Plaintiffs to agree to fifteen depositions per side, including experts. Defendants will not agree to the volume of depositions described above.

Time Permitted for Each Deposition, in accordance with Fed.R.Civ.P. 30(d), is limited to one day of seven hours, unless extended by stipulation of the parties or order of the Court.

3

- Plaintiffs do not anticipate depositions exceeding seven hours.

b. **Disclosure of Expert Testimony**: Parties stipulate, in accordance with Fed.R.Civ.P. 26(a)(2), that **Plaintiff's** Fed.R.Civ.P. 26(a)(2) disclosure will be due as noted here: **by November 4, 2013**

c. **Supplementation of Disclosures and Responses**: Parties agree that Plaintiff's supplementation under Fed.R.Civ.P. 26(e) will be provided at the following times: **The parties will supplement as needed up until the discovery deadline.**

d. **Completion of Discovery**: Plaintiff will commence all discovery in time for it to be completed on or before **February 3, 2014**.

4. **Discovery Plan – Defendants**: The parties jointly propose the following Defendants' discovery plan:

a. **Defendants' Planned Discovery**: A description of every discovery effort Defendants plan to pursue is described below. The description of each discovery effort will be listed under the appropriate heading below and will include the subject matter of the discovery and the time during which the discovery will be pursued:

(1) **Requests for Admission**:

Number of Requests for Admission: Parties may seek to limit the number of Defendants' requests for admission in accordance with Fed.R.Civ.P. 26(b)(2). Any such request must be presented by motion. See paragraph 6 below.

**Defendants intend to avail themselves of all rights afforded under the federal and local rules in propounding discovery to Plaintiffs. In the event Defendants seek to exceed any limits set forth in the federal or local rules, Defendants will do so appropriately by motion. Defendants intend to utilize the full discovery period in propounding discovery under this part.**

(2) **Written Interrogatories**:

Number of Interrogatories: Local Rule 3.03(a) provides "[u]nless otherwise permitted by the Court for cause shown, no party shall serve upon any other party, at one time or cumulatively, more than twenty-five (25) written interrogatories pursuant to Rule 33, Fed.R.Civ.P., including all parts and subparts." Any request by Defendants to exceed this limit must be presented by motion. See paragraph 6 below.

**Defendants intend to avail themselves of all rights afforded under the federal and local rules in propounding discovery to Plaintiffs. In the event Defendants seek to exceed any limits set forth in the federal or local rules, Defendants will do so appropriately by motion. Defendants intend to utilize the full discovery period in propounding discovery under this part.**

(3)     <u>**Requests for Production or Inspection**</u>:

**Defendants intend to avail themselves of all rights afforded under the federal and local rules in propounding discovery to Plaintiffs. In the event Defendants seek to exceed any limits set forth in the federal or local rules, Defendants will do so appropriately by motion. Defendants intend to utilize the full discovery period in propounding discovery under this part.**

(4)     <u>**Oral Depositions**</u>:

Number of Depositions: Local Rule 3.02(b) provides, "[i]n accordance with Fed.R.Civ.P. 30(a)(2)(A), no more than ten depositions per side may be taken in any case unless otherwise ordered by the Court." Any request by Defendants to exceed this limit must be presented by motion. See paragraph 6 below.

**Defendants have requested the right to take fifteen depositions, including experts. Plaintiffs do not object.**

Time Permitted for Each Deposition, in accordance with Fed.R.Civ.P. 30(d), is limited to one day of seven hours, unless extended by stipulation of the parties or order of the Court.

    b.      <u>**Disclosure of Expert Testimony**</u>: Parties stipulate, in accordance with Fed.R.Civ.P. 26(a)(2), that Defendants' Fed.R.Civ.P. 26(a)(2) disclosure will be due as noted here: **by December 4, 2013**

    c.      <u>**Supplementation of Disclosures and Responses**</u>: Parties agree that Defendants' supplementation under Fed.R.Civ.P. 26(e) will be provided at the following times:  **The parties will supplement as needed up until the discovery deadline.**

    d.      <u>**Completion of Discovery**</u>:     Defendants will commence all discovery in time for it to be completed on or before **February 3, 2014**.

5.      <u>**Joint Discovery Plan – Other Matters**</u>: Parties agree on the following other matters relating to discovery (e.g., handling of confidential information, assertion

5

of privileges, whether discovery should be conducted in phases or be limited to or focused upon particular issues):

**The parties agree to enter confidentiality agreements prior to the dissemination of all student health and educational records and parent medical or financial records, in order to comply with applicable state and federal rules and to afford maximum confidentiality for all such records. Plaintiff maintains her right to file a motion seeking to file documents under seal.**

6. <u>**Disagreement or Unresolved Issues Concerning Discovery Matters**</u>: Any disagreement or unresolved issue concerning discovery matters must be made the subject of a separate motion to be filed not later than eleven days after the filing of the Case Management Report. Such disagreement or unresolved issue will not excuse the establishment of discovery completion dates. Pursuant to Fed.R.Civ.P. 26(a)(1), as amended, December 1, 2000, any objection as to the appropriateness of required Initial Disclosures shall be recorded in the Case Management Report.

7. <u>**Third Party Claims, Joinder of Parties, Potentially Dispositive Motions**</u>: Parties agree that the final date for filing motions for leave to file third party claims, motions to join parties, motions for summary judgment, and all other potentially dispositive motions should be **March 3, 2014**. (Note time limit in Local Rule 4.03).

8. <u>**Settlement and Alternative Dispute Resolution**</u>:

- **Plaintiff believes that settlement is likely.**
- **Defendants do not agree.**

Parties agree to consent to binding arbitration pursuant to Local Rules 8.02(a)(3) and 8.05(b). _____ yes __x__ no _____ likely to agree in future

Parties agree to participate in court annexed mediation as detained in Chapter Nine of the Court's Local Rules. __x__ yes _____ no _____ likely to agree in future

If yes, the order of referral described in Local Rule 9.04 should be entered by the court on _____ designating _____ to serve as mediator.

**Mediator will be selected by the parties jointly and the parties intend to conduct mediation on or before March 31, 2014.**

Parties agree to consent to trial presided over by United States Magistrate Judge. _____ yes __x__ no _____ likely to agree in future

Parties intend to pursue the following other methods of alternative dispute resolution:

In accordance with Local Rule 3.05(c)(2)(C)(v), parties agree that if they do not report to the Court that the case has settled on or before **April 1, 2014**, parties will apply for an

6

order invoking Court annexed arbitration (Chapter Eight of Local Rules) or Court annexed mediation (Chapter Nine of Local Rules) on that date.

9. **Preliminary Pretrial Conference**:

Track Three Cases:   Local Rule 3.05(c)(3)(8) provides that preliminary pretrial conferences are mandatory in Track Three Cases.

Track Two Cases:  Parties
\_\_\_\_\_ request
__X__ do not request

A preliminary pretrial conference before entry of a Case Management and Scheduling Order in this Track Two case. Unresolved issues to be addressed at such a conference include:

10. **Final Pretrial Conference and Trial**: Parties agree that they will be ready for a final pretrial conference on or after **July 1, 2014** and for a trial on or after **July 14, 2014**. Trial is expected to take approximately **eight (8)** days and will be a **jury** trial.

11. **Pretrial Disclosures and Final Pretrial Procedures**: Parties acknowledge that they are aware of and will comply with pretrial disclosures requirements in Fed.R.Civ.P. 26(a)(3) and final pretrial procedures requirements in Local Rule 3.06.

12. **Other Matters**:

## **This is Plaintiffs' language only:*

A.   Plaintiffs will file motions on several discovery issues as Local Rules require.
B.   Plaintiffs do not know if they will be able to resolve all disputes about what communications from or to the attorneys defendants are privileged. They will attempt to do so, and advise the court by motion if they are unsuccessful.
C.   Plaintiffs will seek a court order that all of the minor child's educational records as defined by Florida Statute and Rule, and the Family Educational Right to Privacy Act (FERPA), and protected from disclosure thereunder, be filed under seal.
D.   Plaintiffs will seek a court order that documents which disclose mother's or student's medical records, real estate trade secrets or financial information be filed under seal.

Date:  February 22, 2013

7

/s/ Amy J. Pitsch
**USHER L. BROWN, ESQUIRE**
Florida Bar Number 321461
ulbrown@orlandolaw.net
**AMY J. PITSCH, ESQUIRE**
Florida Bar Number 338280
apitsch@orlandolaw.net
**VIVIAN P. COCOTAS, ESQUIRE**
Florida Bar Number 841846
vcocotas@orlandolaw.net
**BROWN, GARGANESE, WEISS & D'AGRESTA, P.A.**
111 N. Orange Avenue, Suite 2000
Post Office Box 2873
Orlando, Florida 32802-2873
Phone: (407) 425-9566
Facsimile: (407) 425-9596
Attorneys for Defendants MARION CO. SCHOOL BOARD, YANCEY, HALDIN, MORRIS, MCCOLLUM, RAYMOND, GREENE and CRAWFORD

Carolyn Torrey
Carolyn Torrey
*Pro Se* Plaintiff
1202 SE 14th Ave.
Ocala, FL 34471
Courtcase001@gmail.com
Phone: (352) 804-4631

8