IN THE UNTED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

Carolyn Torrey, for herself and
for JT, her minor child,

      Plaintiffs.

vs.

MARION CO. SCHOOL BOARD, JAMES
YANCEY, WILLIAM HALDIN, BEVERLY MORRIS,
JOHN MCCOLLUM, GEORGE DON RAYMOND,
DIANA GREENE, and RON CRAWFORD,

      Defendants.
_____/

Case No.  5:12-cv-662-OC-10-PRL

**DEFENDANTS JAMES YANCEY, WILLIAM HALDIN, BEVERLY MORRIS, JOHN MCCOLLUM, GEORGE DON RAYMOND, DIANA GREENE, AND RON CRAWFORD'S MOTION TO DISMISS WITH SUPPORTING MEMORANDUM OF LAW (DISPOSITIVE MOTION)**

      DEFENDANTS JAMES YANCEY, WILLIAM HALDIN, BEVERLY MORRIS, JOHN MCCOLLUM, GEORGE DON RAYMOND, DIANA GREENE, AND RON CRAWFORD (collectively, the "Individual Defendants"), by and through undersigned counsel and pursuant to Federal Rule of Civil Procedure 12(b)(6) and Local Rule 3.01, moves to dismiss with prejudice all claims stated by Plaintiffs, for failure to state a claim upon which relief may be granted, and say:

**CLAIMS**

1.  Plaintiff's Second Amended Complaint attempts to state four separate claims. In the allegations supporting the first two counts, arising out of Section 504 of the Rehabilitation Act of 1973, no Individual Defendants are mentioned. All allegations in those two claims concern the Defendant School Board only. The Individual Defendants can only assume, in the absence of clear direction in the Second Amended Complaint (Doc. 37), that the first two counts are not directed to them.

2.  Based on the allegations contained in the third and fourth counts brought by Carolyn Torrey, these claims appear to have been raised as follows:

    (a) Count III Claim for Discrimination and Retaliation under the Americans with Disabilities Act against James Yancey, Diana Greene, John McCollum, George Don Raymond, Beverly Morris, William Haldin, and Ron Crawford; and

    (b) Count IV Claim for First Amendment Violation raised against James Yancey, William Haldin, Beverly Morris, Diana Greene, and George Don Raymond.[1]

3.  Based on the foregoing, the Individual Defendants will seek dismissal with prejudice as to Counts III and IV only, since these appear to be the only counts against them.

---

[1] Defendants speculate these are the intended Defendants as to each claim, simply because they are mentioned by name at some point in the corresponding Count. Nothing in the Plaintiffs' presentation of the allegations makes this clear. This lack of clarity is a violation of this Court's Order dismissing the First Amended Complaint. (Doc. 31, pp. 9-10).

## STANDARD OF REVIEW

4. In *Bell Atlantic v. Twombly*, 550 U.S. 544, 545 (2007), the Supreme Court held that "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true."

5. Further, in this Court's prior Order (Doc. 31, pp. 9-10), Judge Hodges provided Plaintiffs clear direction as to what would be expected in any future amended complaints:

> The amended complaint must allege the specific statutory authorities CT claims the Defendants have violated with respect to CT, must allege precise facts showing how each Defendant (either individually or collectively) violated those statutory provisions with respect to CT, whether she is seeking relief against each individual Defendant in his or her individual or official capacity, and must allege facts showing how CT herself has been harmed. Allegations that merely copy the text of the various statutes, or speak of the Defendants' actions in general without any specific connection to the Plaintiff, will not establish a claim for relief that can survive. CT is also admonished that each of her claims for relief must be separated out and alleged in individual, distinct claims. Failure to file an amended complaint which complies with these directives within the allowed time will result in dismissal of this case in its entirety and without further notice…If the Plaintiffs file an amended complaint that fails to comply with Fed. R. Civ. P. 11, the Court may also consider sanctions against the Plaintiffs and/or Plaintiffs' counsel.[2]

---

[2] Based on the Court's previous Order (Doc. 31) and the language of Fed.R.Civ.P. 11(c), the Individual Defendants believe Plaintiff and her counsel are on notice they may be subjected to sanctions associated with the filing of the Second Amended Complaint (Doc. 37). The Individual Defendants formally express their intention to seek Rule 11 sanctions within 21 days

6. Plaintiff has failed to follow the directives of this Court and the requirements of *Twombly* and its progeny. Therefore, the counts against the Individual Defendants should be dismissed with prejudice.

## OFFICIAL CAPACITY SUITS

7. In the Court's June 20, 2013, Order, Judge Hodges ordered Plaintiff Carolyn Torrey to allege "whether she is seeking relief against each individual Defendant in his or her individual or official capacity." (Doc. 31, p. 9). A careful examination of the one hundred-paragraph Second Amended Complaint reveals only one mention of whether the Individual Defendants are being sued in their individual or official capacities, in Count IV, paragraph 86. (Doc. 37, p. 16). In that paragraph, Plaintiff Carolyn Torrey alleges that Individual Defendants Yancey, Haldin, Morris, and Greene, "acting in their official capacities, retaliated against Mother by making written and/or oral statements that impugned the Mother's reputation…" (*Id.*). Thus, Plaintiff appears to be stating a claim against these Defendants in their official capacities.

8. Further, the gravamen of Counts III and IV concerns acts undertaken by the Individual Defendants in their official capacities for the purpose of suppressing Plaintiff Carolyn Torrey's purported disability rights advocacy on behalf of her son. Plaintiff Torrey alleges that various combinations of the Individual Defendants prevented her access to school meetings and school personnel, worked in concert to bring a defamation lawsuit against her, denied her access to her son's records in violation of the Family Educational Rights and Privacy Act (FERPA), refused her request to record

---

or more after service of this Motion to Dismiss on Plaintiffs, in the event the Court does not levy such a sanction on its own initiative during the interim.

both private and public meetings at her son's school, barred access to non-school events occurring on school grounds, made misleading statements about Ms. Torrey to various unnamed persons, disseminated her son's student records to persons with no legitimate interest in these records, and had her physically removed from a school board meeting in April 2011. (Doc. 37, ¶¶52-90).

9. Each of these claims is alleged to have arisen in the context of the Individual Defendants' employment, for the collective official purpose of preventing or retaliating against Plaintiff's exercise of various "rights." These claims, to the extent they survive under further scrutiny, should only be directed to the Defendant School Board, since they constitute claims in each Defendant's official, and not individual, capacities.

10. It is well established that official capacity claims naming individual defendants are tantamount to a suit against the government entity involved. *See, e.g., Jones v. Cannon*, 174 F.3d 1271, 1293 n. 15 (11th Cir. 1999); *Mouton v. School Board of Collier County*, 2012 WL 3639004 at *2 (M.D. Fla. 2012). As such, all claims against the Individual Defendants are redundant, unnecessary, and ripe for dismissal with prejudice.

**COUNT III ADA CLAIM**

11. In paragraphs 52 through 80 of the Second Amended Complaint, Plaintiff Carolyn Torrey attempts to state a claim for discrimination and retaliation under the Americans with Disabilities Act (ADA). Count III appears to be an Individuals with

Disabilities Education Act ("IDEA") claim disguised as an ADA claim. *See C.P. v. Leon County School Board*, 2005 WL 2133699 *3 (N.D. Fla. 2005)("Plaintiff's claims are simply IDEA claims dressed in Rehabilitation Act or ADA clothing."). An ADA claim may not lie for violations of the IDEA. *Dunn-Fischer v. District School Bd. of Collier County*, 2013 WL 3832449 at *4 (M.D. Fla. 2013).

      12.    Throughout the Second Amended Complaint, and specifically in Count III, Plaintiff alleges she engaged in protected activities "seeking eligibility and appropriate services and accommodations" for her son's disability. (Doc. 37, ¶70). In ¶¶ 38-39 of the Complaint, Carolyn Torrey alleges she complained to various government agencies about the Board's alleged "refusal to find STUDENT eligible for services for his disabilities" and she filed a complaint for administrative due process under the IDEA to challenge the Board's failure to find JT eligible for IDEA services and accommodations. (*Id.*). In the plea for relief, at ¶98, Plaintiffs request the School Board be ordered to provide Plaintiff JT with "special education, related services, and accommodations." The terms "special education" and "related services" are terms of art employed to describe the types of services for students with disabilities provided under the Individuals with Disabilities Education Act. *See* 34 C.F.R. §300.39 (IDEA regulation defining "special education"); and 34 C.F.R. §300.34 (IDEA regulation defining "related services"). Plaintiff believes her son should have been identified as needing special education under the IDEA and this suit is an attempt to hold the Defendant Board and the Individual Defendants liable where previous efforts to compel this result have failed.

13.     No private right of action for compensatory and punitive damages exists pursuant to the IDEA.  *Ortega v. Bibb County Sch. Dist.*, 397 F.3d 1321, 1325-26 (11th Cir. 2005).  The IDEA's primary purpose is to ensure a free and appropriate public education, not to serve as a tort-like mechanism for compensating disabled children and their families for their pain and suffering where a free and appropriate public education is not provided.  *See Nieves-Marquez v. Puerto Rico*, 353 F.3d 108, 124-126 (1st Cir. 2003); *Chambers v. Sch. Dist. of Philadelphia Bd. of Education*, 587 F.3d 176, 186 (3rd Cir. 2009)(every circuit that has addressed this issue, including the 11th Circuit, has held that compensatory and punitive damages are not available under the IDEA, consistent with the Supreme Court's decision in *School Committee of the Town of Burlington v. Dept. of Ed. of Massachusetts*, 471 U.S. 359 (1985)).

14.      Plaintiff should not be allowed to pursue her ADA claim at Count III, since it is an impermissible attempt to seek damages for purported violation of the IDEA.

**COUNT IV FIRST AMENDMENT CLAIM – DEFENSE OF QUALIFIED IMMUNITY**

15.     It is unclear by what procedural mechanism Plaintiff Carolyn Torrey attempts to bring her First Amendment claim against Defendants James Yancey, William Haldin, Beverly Morris, Diana Greene, and George Don Raymond.  Plaintiff makes no reference in the Count IV allegations to an enabling statute, such as 42 U.S.C. §1983, nor does she properly allege the prima facie elements of a judicially implied cause of action directly under authority of the Constitution, as required in *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

16. A *Bivens* action, which is disfavored, allows a plaintiff to vindicate certain constitutionally protected rights through an implied cause of action against federal officials in their individual capacities. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Chiang v. Skeirik*, 582 F.3d 238 (1st Cir. 2009). Taken in the light most favorable to Plaintiff, her allegations in paragraphs 8-10 and 12-13 (Doc. 37) indicate that Individual Defendants Yancey, Haldin, Morris, Greene, and Raymond were state actors[3], not federal actors, and as noted *supra*, Plaintiff has alleged she is suing these individuals in their official capacities. As such, she has failed to state a prima facie *Bivens* claim for violation of her First Amendment rights.

17. The only enforcement mechanism left to Plaintiff is §1983, yet she has failed to make any mention of this statute in the Second Amended Complaint. This failure alone should subject her Count IV claim against the Individual Defendants to immediate dismissal, given the previous Order's admonition to include specific statutory authorities in any subsequent complaint. (Doc. 31, p. 9). However, the Individual Defendants will analyze her First Amendment claim as though it had been raised under §1983 and will demonstrate their entitlement to qualified immunity thereto, thus barring her from raising this claim against them in the future.

---

[3] The allegations in the introductory paragraphs of the Second Amended Complaint indicate these individuals were employed by the Defendant School Board (Yancey as Superintendent, Greene as Assistant Superintendent, and Raymond as a school principal) or retained to provide legal representation to the School Board (Attorney Morris) or to Superintendent Yancey (Attorney Haldin). Since the Defendant School Board is a political subdivision of the state, and not the federal government, the Individual Defendants could not conceivably have been federal actors. *See* Article IX, Section 4(b) of the Florida Constitution; §286.011, Fla. Stat. (2012); and *Finch v. Seminole County School Board*, 995 So.2d 1068 (Fla. 5th DCA 2008)(for the proposition that school boards in Florida are political subdivisions of the state).

18. Section 1983 of Title 42 of the United States Code provides a remedy against any person who, under color of any statute, ordinance, regulation, custom, or usage of any state subjects a citizen of the United States to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws. 42 U.S.C. §1983 (1996).

19. Government officials have a right to qualified immunity if their actions do not "violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Greene v. Reeves*, 80 F.3d 1101, 1104 (6th Cir. 1996), *citing Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Lassiter v. Alabama A&M Univ.*, 28 F.3d 1146, 1149 (11th Cir. 1994).

20. A defendant who asserts a valid defense of qualified immunity is "entitled to dismissal before the commencement of discovery." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985); *Anderson v. Creighton*, 483 U.S. 635, 646 n.6 (1987)("qualified immunity questions should be resolved at the earliest possible stage of a litigation"). The question of qualified immunity is to be determined as early in the proceedings as possible so that the cost and expense of litigation are avoided where the defense is dispositive. *See Saucier v. Katz*, 533 U.S. 194, 201 (2000). Thus, the immunity is "an entitlement not to stand trial or face the other burdens of litigation." *Mitchell v. Forsyth*, 472 U.S. at 526. The privilege is "an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial." *Id.* Further, Eleventh Circuit precedent makes clear that heightened pleading requirements apply in civil rights cases asserted against

9

defendants who may avail themselves of the defense of qualified immunity. *Passmore v. Swann v. S. Health Partners, Inc.*, 388 F.3d 834, 838 (11th Cir. 2004).

21. The Individual Defendants are entitled to immunity if, on an objective basis, a government official of reasonable competence could come to the conclusion that the action complained of was compliant with clearly established federal law. *Malley v. Briggs*, 475 U.S. 335, 341 (1986). In other words, the official only loses his immunity if it is obvious that no reasonably competent officer could have concluded that the action at issue in the lawsuit was lawful. *Id.*

22. In considering the entitlement to qualified immunity, the court must determine, in the light most favorable to Plaintiff, whether the facts alleged show that the official's conduct violated a clearly established constitutional right. *Siegert v. Gilley*, 500 U.S. 226, 232 (1991). "To successfully state a claim under 42 U.S.C. §1983, a plaintiff must identify a right secured by the United States Constitution and the deprivation of that right by a person acting under color of state law." *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992). Section 1983 does not establish or provide substantive rights and the statute is only a means for vindicating federal rights that are conferred from some other source. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989); *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979).

23. It is no longer enough for a plaintiff to allege conclusions. *See Twombly, supra; Passmore Swann,* 388 F.3d at 838. Plaintiff Carolyn Torrey must allege sufficient facts from which the Court may determine that (1) she exercised rights guaranteed to her by the First Amendment, (2) the Individual Defendants undertook acts

in response to her exercise of these rights that violated clearly established federal law and (3) these wrongful acts caused the injury of which she complains. Plaintiff's allegations fail in each area.

24. If a plaintiff has not sufficiently alleged a violation of any constitutional right, the plaintiff has likewise failed to allege the violation of a "clearly established" right. *Maggio v. Sipple*, 211 F.3d 1346, 1351 (11th Cir. 2000)(internal citations omitted). In the Second Amended Complaint, Plaintiff has not sufficiently alleged a violation of any constitutional right.

25. In Count IV, Plaintiff alleges:

- She petitioned for redress in order to get appropriate services for JT because of his disabilities (¶ 82),

- She was prevented from speaking for the same amount of time as other members of the public at a school board meeting, and/or was physically removed from a school board meeting (¶83),

- She was prevented from recording school officials and employees in the course of their public duties or in meetings (¶85),

- She was not allowed to attend a church on school grounds or volunteer in the schools (¶87),

- She "commented" about the way the School Board performed their official duties (¶89), and

- She was generally restricted in her speech and treated differently than other parents (¶89).

26.     The First Amendment does not protect all speech, only speech on a matter of public concern. *Maggio v. Sipple*, 211 F.3d 1346, 1351-1352 (11th Cir. 2000). Plaintiff repeatedly alleges she was the subject of retaliation because she petitioned the Board to provide her son with appropriate services and accommodations for his disabilities. (Doc. 37, ¶¶82, 84).  A parent's complaint about matters involving the parent's child do not constitute a matter of public concern giving rise to a First Amendment claim for retaliation.  *See Porter v. Duval County School Bd.*, 2010 WL 1252177 at *8 (M.D. Fla. 2010)(parent's complaint about alleged sexual harassment of her daughter on the school bus was not protected by the First Amendment); *see also Landstrom v. Ill. Dep't of Children & Family Servs.*, 892 F.2d 670, 680 (7th Cir. 1990)(parental complaints about the questioning of their children by school officials in a child abuse investigation did not involve matters of public concern); and *Rodgers v. Duncanville Indep. School Dist.*, 2005 WL 770712 at *3 (N.D. Tex. 2005)(parent's complaints to school officials about treatment of his son were not a matter of public concern).

27.     In paragraphs 83 and 89, where she discusses her speech at Board meetings, she fails to provide specifics concerning the comments she claims were censored so the Court can evaluate whether they touched on matters of public concern. *Maggio*, 211 F.3d at 1352 (stating that the public concern determination is one of law, not of fact).  Further, she provides no specific facts in paragraph 89 regarding her allegation that she was treated differently than other parents.

28.  With respect to Plaintiff's allegation in paragraph 85 that she was not permitted to record school officials and employees in the course of their public duties, including in Section 504 meetings or other meetings concerning Plaintiff JT, Plaintiff fails to allege how this refusal violates a clearly established federal law.  It is doubtful she could make such an allegation and be legally accurate.

29.  In Florida, it is a crime to intercept or record a "wire, oral, or electronic communication," unless all parties to the communication consent, where the parties to the conversation have a reasonable expectation of privacy.  *See* §934.03, Fla. Stat. (2012).  Similarly, decisions rendered in the due process context in Florida indicate parents generally do not have the right to record meetings concerning their children.  S*ee F.C. v. School Board of Miami-Dade County*, Case No. 07-2315E (Fla. Division of Administrative Hearings 2007), *per curiam affirmed*, 998 So.2d 614 (Fla. 3d DCA 2008)(the parent of a student with a disability has no right to take a court reporter to an IEP meeting); and *Jackson County School Board v. A.L. and P.L.B.,* Case No. 12-2562E (Fla. Division of Administrative Hearings 2012)(citing an opinion of the Office of Special Education, the tribunal found that parents do not have a blanket right to record IEP meetings and school districts may limit, prohibit, or otherwise regulate the use of tape recorders at these meetings).[4]

30.  In paragraph 87, Plaintiff claims she was prevented from volunteering in Marion County Public Schools, but she has no "right" to be a volunteer, let alone a right to volunteer secured by the First Amendment.  *See* §1012.01(5)(volunteers in the public

---

[4] Ms. Palmer, counsel for Plaintiffs in this case, was counsel of record for the Respondents in *Jackson County Sch Bd. v. A.L. and P.L.B.*

13

school system are appointed by a district school board or its designee).  Parents simply have no constitutional right to be on school premises.  *Porter v. Duval County School Bd.*, 2010 WL 1252177 at *7 (M.D. Fla. 2010), *citing Lovern v. Edwards*, 190 F.3d 648, 655-656 (4th Cir. 1999)("School officials have the authority to control students and personnel on school property, and also have the authority and responsibility for assuring that parents and third parties conduct themselves appropriately while on school property.").  A school administration's authority to control activities on school property includes preventing parent access when necessary to maintain order and prevent disruptions to the educational environment.  *See Madrid v. Anthony*, 510 F.Supp.2d 425 (S.D. Tex. 2007), *cited with approval in Porter*, 2010 WL 1252177 at *7.

31.    Count IV also fails to avoid qualified immunity because there is no allegation in paragraphs 86, 88, or 89 that the Individual Defendants did anything that violated clearly established federal law.[5]

32.    In paragraph 86, Plaintiff alleges that Defendants Yancey, Haldin, Morris and Greene "retaliated against MOTHER by making written and/or oral statements that impugned MOTHER'S reputation that were false and/or misleading, because of her exercising her First Amendment rights, and in effort to discourage her from doing so." Paragraph 86 seems to be alleging that the named Individual Defendants engaged in defamation as retaliation against Carolyn Torrey's exercise of her First Amendment rights.  However, the allegations do not adequately state a claim for defamation. Defamation has five elements:  (1) publication; (2) falsity; (3) actor must act with

---

[5] These are the only paragraphs in Count IV that specifically mention acts undertaken by one or more of the Individual Defendants.

14

negligence on a matter concerning a private person; (4) actual damages; (5) and the statement must be defamatory. *See, e.g., Jews for Jesus, Inc., v. Rapp*, 997 So.2d 1098 (Fla. 2008). At best, Plaintiff has alleged elements (2) and (5), but without the factual support required by this Court and by *Twombly*.[6]

33. But, most importantly, for purposes of a §1983 analysis, defamation is a state law claim. Even if Plaintiff had properly alleged the elements of a defamation claim, with adequate factual support, these allegations would not constitute violation of clearly established **federal** law.

34. In paragraph 88, Plaintiff appears to be alleging a violation of FERPA, contending that her son's educational records and confidential information were disclosed to persons with no legitimate educational interest. However, this allegation is specifically made against the Defendant Board; no Individual Defendants are implicated or named. Further, she provides no facts concerning the inappropriate records disclosures, *e.g.,* when these disclosures occurred, who disclosed the records, who received the records, and how these disclosures resulted in actual damage or harm to Ms. Torrey.

35. In paragraph 89, Defendant Raymond is alleged to have filed a personal tort lawsuit against Carolyn Torrey as part of a scheme to retaliate against her for comments she made concerning the performance of members of the Defendant School

---

[6] Elsewhere in the Complaint, Plaintiff alleges the Board itself, a corporate body, engaged in discrimination by "telling" staff, PTO members, school board members, and others false and misleading information about her. It is unclear how a corporate body could tell anyone anything without formal action, and in this case, the Board is accused of spreading this information to its own members. These allegations do not make sense. (Doc. 37, ¶49).

Board.  Earlier in the Second Amended Complaint, Plaintiff alleged the Defendant School Board paid for the litigation initiated and prosecuted by Defendant Raymond. (Doc. 37, p. 11, ¶66).

36.  Plaintiff fails to allege that funding a private defamation lawsuit is a wrongful or unlawful action.  She simply alleges it happened and makes the conclusory allegation that this suit must have been motivated by retaliation.

37.  Taken as a whole, Plaintiff's allegations lack the factual specificity and clarity required by this Court's Order (Doc. 31) and by *Twombly*.  In addition, the First Amendment claim at Count IV:

(1) Fails to invoke an enabling statute, such as §1983, or to state a proper claim under *Bivens*;

(2) Fails to show that Plaintiff exercised or sought to exercise any rights guaranteed to her by the First Amendment,

(3) Fails to establish any causal nexus between the exercise of constitutional rights and the purported retaliation, and

(4) Fails to establish that any Individual Defendant violated clearly established federal law, which is required to avoid qualified immunity.

38.  For all of these reasons, the Individual Defendants are entitled to qualified immunity and Count IV should be dismissed with prejudice.

WHEREFORE, the Individual Defendants request that the Court enter an order dismissing with prejudice all claims against them.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have filed the foregoing on August 16, 2013, by using the CM/ECF filing system and via email to Rosemary N. Palmer, Esq., 5260 Pimlico Drive, Tallahassee, FL 32309, at floridalawlady@gmail.com.

By: /s/ Amy J. Pitsch
**USHER L. BROWN, ESQUIRE**
Florida Bar Number 321461
ulbrown@orlandolaw.net
**AMY J. PITSCH, ESQUIRE**
Florida Bar Number 338280
apitsch@orlandolaw.net
**VIVIAN P. COCOTAS, ESQUIRE**
Florida Bar Number 841846
vcocotas@orlandolaw.net
**BROWN, GARGANESE, WEISS & D'AGRESTA, P.A.**
111 N. Orange Avenue, Suite 2000
Post Office Box 2873
Orlando, Florida 32802-2873
Phone: (407) 425-9566
Facsimile: (407) 425-9596
Attorneys for Defendants MARION CO. SCHOOL BOARD, YANCEY, HALDIN, MORRIS, MCCOLLUM, RAYMOND, GREENE and CRAWFORD