IN THE UNTED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**Carolyn Torrey, for herself
and for JT, her minor child,**                                    Case No.  5:12-cv-662-OC-10-PRL

      **Plaintiffs.**

Vs.

**MARION CO. SCHOOL BOARD,  JAMES
YANCEY, WILLIAM HALDIN, BEVERLY MORRIS,
JOHN MCCOLLUM, GEORGE DON RAYMOND,
DIANA GREENE, and RON CRAWFORD,**

      **Defendants.**
_____/

**DEFENDANTS MARION COUNTY SCHOOL BOARD, JAMES YANCEY, WILLIAM HALDIN, BEVERLY MORRIS, JOHN MCCOLLUM, GEORGE DON RAYMOND, DIANA GREENE, AND RON CRAWFORD'S RESPONSE OPPOSING PLAINTIFFS' THIRD MOTION FOR EXTENSION TO FILE RESPONSES TO MOTIONS TO DISMISS**

DEFENDANTS MARION COUNTY SCHOOL BOARD, JAMES YANCEY, WILLIAM HALDIN, BEVERLY MORRIS, JOHN MCCOLLUM, GEORGE DON RAYMOND, DIANA GREENE, AND RON CRAWFORD ("Defendants"), by and through undersigned counsel, request the Court deny Plaintiffs' Third Motion for Extension and state as grounds:

1.     Pursuant to Local Rule 3.01, a party opposing a motion must file a response within fourteen days after service of the motion.  Defendants filed and served their motions to dismiss (Doc. 39 and 40) on August 16, 2013, thus

Defendants calculated the original deadline for filing responses to the motions to dismiss as Friday, August 30, 2013.[1]  Federal Rule of Civil Procedure 6(b)(1)(A) clearly states that a party seeking an extension must make a motion to that effect *prior* to the expiration of time.

2. Plaintiffs have since filed three motions for extension due to their legal counsel's failure to timely file responses to these motions to dismiss.

3. Defendants opposed Plaintiffs' First Motion (Doc. 41) since it was filed well after the deadline for filing the responses had passed (it was filed on September 6, an entire week after the August 30 deadline).  Defendants maintained a neutral posture as to the filing of the Second Motion for Extension (Doc. 43).  Plaintiffs filed the Second Motion for Extension the day their Responses were due pursuant to this Court's Endorsed Order granting the First Motion (Doc. 42).

4. Defendants are not insensitive to the effects of disabling conditions and illness.  However, on three separate occasions Plaintiff's counsel has requested extensions citing a variety of factors, including her status as a sole proprietor, the financial status of her other clients, as well as her health.

5. In her most recent email to defense counsel, sent the afternoon of September 17, the day the Responses were due by Endorsed Order of this Court, Plaintiff's counsel simply indicated that her brain was not cooperating and she would be seeking a third extension of time due to her slow progress (defense counsel did not receive this email until after the close of the business day).

---

[1] Plaintiff's counsel stated in the First Motion for Extension that she had calendared the date differently.

6. Plaintiff's counsel consistently waits until the due date (or past the due date) to request extensions of time. She is prosecuting a case against multiple Defendants *in federal court*. At some point, she needs to push through and make this case a priority. All attorneys must do this, even when it is difficult. It is simply not fair to Defendants that their motions and/or responses are consistently filed in a timely fashion, or if filed later, are filed pursuant to an extension obtained appropriately in advance of the due date.

7. Ample case law exists examining the concept of excusable neglect justifying the granting of extensions. Defendants contend that Plaintiffs have ventured beyond the realm of excusable neglect into inexcusable neglect. *See, e.g., Institute for Policy Studies v. United States Central Intelligence Agency*, 246 F.R.D. 380 (D.D.C. 2007)(mis-calendaring of the due date does not constitute excusable neglect to warrant extension of time); *Boon Partners v. Advanced Financial Concepts, Inc.*, 917 F.Supp. 392 (E.D.N.C. 1996)(failure to read local rule does not constitute excusable neglect); and *McLaughlin v. City of LaGrange*, 662 F.2d 1385 (11th Cir. 1981)(fact that counsel was a solo practitioner with a busy practice did not establish excusable neglect).

8. The Motions to Dismiss were filed over a month ago. Defendants' trial strategy and time line for filing additional motions with respect to the pending Complaint have been detrimentally impacted by Plaintiffs' repeated delays.

WHEREFORE, Defendants respectfully request the Court enter an order denying Plaintiff's Third Motion for Extension of Time, thereby entirely barring

Plaintiffs from filing Responses to Defendants' timely-filed Motions to Dismiss.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have filed the foregoing on September 18, 2013, by using the CM/ECF filing system and via email to Rosemary N. Palmer, Esq., 5260 Pimlico Drive, Tallahassee, FL 32309, at floridalawlady@gmail.com.

By: /s/ Amy J. Pitsch
**USHER L. BROWN, ESQUIRE**
Florida Bar Number 321461
ulbrown@orlandolaw.net
**AMY J. PITSCH, ESQUIRE**
Florida Bar Number 338280
apitsch@orlandolaw.net
**VIVIAN P. COCOTAS, ESQUIRE**
Florida Bar Number 841846
vcocotas@orlandolaw.net
**BROWN, GARGANESE, WEISS & D'AGRESTA, P.A.**
111 N. Orange Avenue, Suite 2000
Post Office Box 2873
Orlando, Florida 32802-2873
Phone: (407) 425-9566
Facsimile: (407) 425-9596
Attorneys for Defendants MARION CO. SCHOOL BOARD, YANCEY, HALDIN, MORRIS, MCCOLLUM, RAYMOND, GREENE and CRAWFORD