## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

**CAROLYN TORREY, for herself and for**
**J.T., her minor child**

     **Plaintiff,**

**v.**                                               **Case No: 5:12-cv-662-Oc-10PRL**

**MARION COUNTY SCHOOL BOARD,**
**JAMES A. YANCEY, WILLIAM**
**HALDIN, BEVERLY MORRIS, JOHN**
**MCCOLLUM, GEORGE DON**
**RAYMOND, DIANA GREENE and RON**
**CRAWFORD**

     **Defendants.**

_____

## ORDER

     This case comes before the Court for consideration of Defendant's Rule 35 Motion to Compel Mental Examination of Plaintiff Carolyn Torrey.  (Doc. 5).  Plaintiff has responded, objecting to the mental examination.  (Doc. 65).

     Plaintiff initiated this case by filing a Complaint on December 6, 2012, bringing claims for violation of civil rights, including claims under the Rehabilitation Act and the Americans with Disabilities Act, and related claims.  Plaintiff's claims relate to her son's alleged denial of full and equal access to public school education programs in Marion County.  Among the claims stated in Plaintiff's Second Amended Complaint, Plaintiff alleges Defendants caused her "extreme emotional distress, physical injury, loss of business opportunity, economic and pain and suffering damages, loss of privacy, and loss of reputation because of its discrimination and retaliation."  (Doc. 37, ¶ 51.)

Defendants seek to compel a mental examination pursuant to Rule 35 of the Federal Rules of Civil Procedure. Specifically, Defendants propose an independent psychological and neuropsychological evaluation by neuropsychologist Ernest Bordini, Ph.D., to access the nature, course, and potential prognosis of her cognitive, academic, neuropsychological, and psychological capabilities in relationship to Plaintiff's claims of business loss. (Affidavit of Ernest Bordini, Ph.D., Doc. 59-3). Defendants contend that this examination is necessitated by Plaintiff's claims of Defendants' interference with her ability to work, and to access the validity of and extent of such interference.

Indeed, Rule 35(a)(1) of the Federal Rules of Civil Procedure provides that the court may order a party whose mental condition is in controversy to submit to a mental examination by a suitably licensed examiner. Pursuant to Rule 35(a)((2), the Court's order may be made only on motion for good cause and on notice to all parties and the person to be examined, and "must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it."

Plaintiff objects, arguing that an examination is not warranted under the circumstances. (Doc. 65). Typically, a Plaintiff's claim for emotional distress does not necessarily warrant a Rule 35 mental examination. *Nathai v. Fla. Detroit Diesel–Allison, Inc.*, 268 F.R.D. 398, 400 (M.D.Fla.2010) ("[i]t is true, a plaintiff does not put his or her mental condition in controversy simply by seeking damages based on emotional distress"); *Ali v. Wang Laboratories, Inc.*, 162 F.R.D. 165, 167–68 (M.D.Fla.1995) ("[The] plaintiff's 'mental condition' within the meaning of Rule 35 is not necessarily placed in controversy merely because plaintiff seeks recovery for 'emotional distress.' A person with no 'mental condition' may still suffer emotional distress which is compensable."); *Robinson v. Jacksonville Shipyards*, 118 F.R.D. 525, 531

(M.D.Fla.1988) ("Plaintiff does not place her mental condition in controversy by alleging that her psychological well being ... is seriously affected by defendant's behavior.").

Here, however, Plaintiff alleges "extreme emotional distress, physical injury," and that Defendants' infliction of emotional distress has caused her to suffer business loss.  (Doc. 37). Plaintiff specifically contends that she experienced lost business and real estate opportunities in the amount of $450,000 due to acts or omissions by Defendants.  (Doc. 59-2).  Plaintiff contends Defendants have caused her to experience "Seven years delay in the work world, calculated at average Real Estate earning for area of $245,000."  (Plaintiff's Initial Disclosures, Doc. 59-2). With these contentions, Plaintiff has gone beyond a garden variety claim of emotional distress. *See Gray v. State of Florida, Dept. of Juvenile Justice*, No. 3:06-cv-990-J-20MCR, 2007 WL 2225815 (M.D. Fla. July 31, 2007) (approving motion for Rule 35 exam where plaintiff revealed during discovery that defendant's actions aggravated her depression and anxiety while causing irritability, humiliation, anger and sleeplessness); and *Trenary v. Busch Entertainment Corp.*, No. 8:05-CV-1630-T-30EAJ, 2006 WL 3333621 (M.D.Fla.2006) (Rule 35 exam granted where plaintiff's interrogatory answers revealed mental health diagnosis allegedly related to plaintiff's claims).

It appears that Defendants have satisfied the good cause and notice requirements of Rule 35.  The Court agrees that Plaintiff has gone beyond a mere claim for emotional distress.  Her claims include "extreme emotional distress, physical injury," and that Defendants' infliction of emotional distress has caused her to suffer substantial business loss.  Defendants propose the examination shall be conducted by Dr. Bordini on February 5-7, 2014, at the offices of Clinical Psychology Associates of North Central Florida, 3002 SE 1st Ave., Bldg. 300, Ocala, FL 34471. Dr. Bordini anticipates this examination shall take two to three days.  Defendants propose that

scope of the examination shall be limited to accessing the nature, course, and potential prognosis of Plaintiff's cognitive, academic, neuropsychological, and psychological capabilities in relationship to her claim of lost business opportunity and interference with her ability to work.

Plaintiff also objects to the proposed length of the examination, stating Defendants have not provided any justification for the three day examination.  Defendants' motion recites that Dr. Bordini anticipates that the examination will take two to three days, and Defendants propose February 5–7, 2014.  Rule 35 mental examinations lasting two days in length are not uncommon. *See, e.g., Gritt v. Target Corp.*, 2008 WL 1777744 (M.D.Fla. April 18, 2008) (following a Rule 35 mental examination of plaintiff lasting two days, court ordered an additional two hours of examination because plaintiff had failed to answer some questions during the initial examination); *Simonelli v. University of California–Berkeley*, 2007 WL 1655821 at * 3 (N.D.Cal.2007) (eight-hour psychological examination is reasonable); *Newman v. San Joaquin Delta Community College Dist.*, 272 F.R.D. 505, 513 (E.D.Cal.2011) (permitting two five-hour testing sessions over two-day period, inclusive of breaks in action arising from alleged assault by college police officers).  As such, the Court is inclined to limit the examination to not more than two days.

Accordingly, upon due consideration, Defendants' motion to Compel Rule 35 mental examination (Doc. 59) is GRANTED, and shall be conducted according to the conditions and scope set forth in this Order, including that the examination shall be limited to two days, during normal business hours.

**DONE** and **ORDERED** in Ocala, Florida on February 4, 2014.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties