**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**CAROLYN TORREY, for herself and for**
**J.T., her minor child**

    **Plaintiff,**

v.                                                   **Case No: 5:12-cv-662-Oc-10PRL**

**MARION COUNTY SCHOOL BOARD,**
**JAMES A. YANCEY, WILLIAM**
**HALDIN, BEVERLY MORRIS, JOHN**
**MCCOLLUM, GEORGE DON**
**RAYMOND, DIANA GREENE and RON**
**CRAWFORD**

    **Defendants.**

## ORDER

This case comes before the Court for consideration of several pending motions, including Plaintiffs' Motion to Extend Time to Complete Discovery, to File Dispositive Motions, and to Hold the Trial (Doc. 75), to which Defendants have responded (Doc. 76), and Plaintiffs' Unopposed Motion for Extension of Time to File a Response to the Motions to Dismiss (Doc. 77.

In this case, Plaintiffs allege claims of retaliation and discrimination under the Americans with Disabilities Act and related claims arising from Plaintiff's son's alleged deprivation of services and reasonable accommodations within the Marion County School System. (Doc. 69). On the grounds that Plaintiffs' counsel is a sole practitioner and has a disability that has made it impossible to complete the necessary discovery in this case so far, Plaintiffs seek a three month extension of the discovery deadline, and that the dispositive motion deadline be extended until ninety (90) days before trial. Plaintiffs also request that the pretrial conference (currently

- 2 -

scheduled for June 18, 2014) and the trial (currently scheduled for the trial term commencing June 30, 2014) be stayed until after all the court proceedings and appeals are complete for State of Florida Fifth Circuit Case George Don Raymond v. Carolyn Torrey, NO. 08-6397 CA-G.

Plaintiffs contend that the state court case is a defamation lawsuit that Defendants funded, planned, and brought in retaliation against Plaintiff for her efforts advocating for her son. Plaintiffs contends that the retaliation, therefore, is ongoing, and they cannot fully present their case in this Court until the appeals in the state court case have concluded. Plaintiffs concede, however, that the outcome of the state court case would have no bearing on this action. Nonetheless, they state that, if they are required to try this case before their damages in the state court case are known, they would be "extremely prejudiced in a way that cannot be ameliorated by any instruction." (Doc. 75).

Defendants have responded (Doc. 76), stating that they would agree to an extension of the discovery deadline to April 30, 2014, and an extension of the dispositive motion deadline to May 31, 2014, as well as trial during the September 2014 trial term. Although Plaintiffs state they appreciate this, they state their counsel "has had fewer than 90 good days when she could work fully normally during the last six months," and therefore "cannot reasonably conclude that her health will allow her to finish" in time to meet those deadlines.

The Court recognizes that an extension of the discovery and other case management deadlines is appropriate in this case, however, the Court is not inclined to grant an extension beyond that agreed to by the Defendants. Moreover, not only is an indefinite stay of the pretrial and trial dates not warranted, but the Court would not be able to manage its docket effectively if the case were stayed indefinitely.

- 3 -

Accordingly, upon due consideration, Plaintiffs' Motion for Extension to Complete Discovery, to File Dispositive Motions, and to Hold the Trial (Doc. 75) is **GRANTED** in part, and **DENIED** in part.  The discovery deadline is hereby extended until April 30, 2014, the dispositive motion deadline is extended until May 31, 2014, and the trial shall be rescheduled for the September, 2014 trial term.  The Clerk is directed to enter an Amended Case Management and Scheduling Order in accordance with the amended deadlines.

Plaintiffs' Unopposed Motion (Doc. 77) for an extension of time to respond to the pending motions to dismiss is **GRANTED**, and Plaintiff shall have until March 19, 2014 within which to file responses to Marion County School Board's Motion to Dismiss Third Amended Complaint (Doc. 74), and Motion to Dismiss Third Amended Complaint by individual defendants (Doc. 73).

**DONE** and **ORDERED** in Ocala, Florida on March 12, 2014.

*[signature]*

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties
Courtroom Deputy